IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DIANA CORBIN,                        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )  Case No. CIV-17-060-JHP-KEW
                                     )
COMMISSIONER OF THE SOCIAL           )
SECURITY ADMINISTRATION,             )
                                     )
            Defendant.               )

### FINDINGS AND RECOMMENDATION

This matter comes before this Court on the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Miles Mitzner, Counsel for Plaintiff.[1] (Docket Entry #21). This Motion was referred to the undersigned by Order of United States District Judge James H. Payne for the entry of Findings and a Recommendation on the disposition of counsel's Motion.

Counsel requests that she be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $20,487.75. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel filed this case on behalf of Plaintiff and filed

_____

[1] While the Motion is purportedly filed by Plaintiff, seeking §406(b) relief lies

Plaintiff's opening brief.   Thereafter, Defendant filed an unopposed Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). By Order and Judgment entered October 11, 2017, Judge Payne granted the Motion, reversed Defendant's decision, and ordered that the case be remanded for further proceedings.   As a result, Plaintiff's counsel  successfully obtained a reversal of the adverse decision and remand.   In compensation for his services, Plaintiff's counsel was awarded EAJA fees in the amount of $5,186.30.   On remand, Plaintiff received a favorable decision from Defendant and was awarded past due benefits in the amount of $81,951.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits.   42 U.S.C. § 406(b)(1)(A).   As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney.   42 U.S.C. § 406(a)(4).   The Tenth Circuit Court of Appeals has determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a).   Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008).   The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted).   Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant states that it generally does not take a position

_____

in the province of a plaintiff's attorney and not a plaintiff.

on awarding the amount requested but does concede that it has no objection to an award of §406(b) fees which do not exceed 25% of past due benefits.  This Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

Additionally, the request for § 406(b) fees must be filed within a reasonable time.  In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees.  Id.  To that end, any fee request pursued under § 406(b) should be filed  "within a reasonable time of the Commissioner's decision awarding benefits."  Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on April 10, 2019.  Counsel filed the subject Motion on April 16, 2019.  This Court concludes that counsel was diligent and timely in filing the request for § 406(b) compensation.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Miles Mitzner, Counsel for Plaintiff (Docket Entry #21) be **GRANTED** and Plaintiff's counsel be awarded fees in the amount of $20,487.75 to be paid by Defendant directly to counsel from the amount of past due benefits withheld for that purpose.

IT IS FURTHER RECOMMENDED that Plaintiff's counsel is ordered to refund the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff.  Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).  The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

DATED this 24TH day of June, 2019.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE